## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DARREN STOFFER,

Plaintiff,

v.

BERNADETTE    MASON,    former
Superintendent of SCI Mahanoy; ROBERT
MARSH, Department of Corrections Central
Region Deputy Secretary; DEPARTMENT
OF CORRECTIONS; JOHN DOES #1-4; and
JANE DOES #1-3,

Defendants.

CIVIL DIVISION

Civil Action No. 2:26-cv-1498

Hon: _____

**JURY TRIAL DEMANDED**

### COMPLAINT AND REQUEST FOR A JURY TRIAL

AND NOW, comes Plaintiff, Michael Darren Stoffer, by and through his undersigned

counsel, Andrew O. Stiffler, Esquire, and respectfully avers the following:

**I.    INTRODUCTION**

1.    Michael Stoffer, (hereinafter "Plaintiff") brings his action pursuant to 42 U.S.C. §

1983, based on violations of his rights established under the Fourth Amendment, Eighth

Amendment, and the Fourteenth Amendment to the United States Constitution, which guarantees

a right to be free from unreasonable seizures of his person; a right to be free from cruel and

unusual punishment; as well as a right to life, liberty, and property. Plaintiff also brings state law

claims of false arrest and negligence, as protected by the Pennsylvania Constitution and

Pennsylvania common law.

1

## II.    JURISDICTION

2.    This 42 U.S.C. § 1983 action alleges deprivations, under color of state law, of Plaintiff's rights secured by the Constitution of the United States made applicable to the states through the Fourteenth Amendment. Plaintiff invokes this court's jurisdiction under 28 U.S.C. § 1343, a statute which authorizes district courts to hear cases alleging violations of federal civil rights, and 28 U.S.C. § 1331, a statute which authorizes district courts to hear cases presenting questions of federal law. Further, the court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), granting supplemental jurisdiction.

## III.    VENUE

3.    Venue is proper pursuant to 28 U.S.C. § 1391(a). Plaintiff, both before and after the accruable of his cause of action, had a residence in the Western District of Pennsylvania. All Defendants have connections and/or jurisdiction of prisoners in the Western District of Pennsylvania, namely Allegheny County, Pennsylvania.

## IV.    PLAINTIFF

4.    Plaintiff Michael Darren Stoffer is an adult individual who currently resides at 2129 Rhine Street, Apt. 3D, Pittsburgh, PA 15212.

## V.    DEFENDANTS

5.    Defendant Bernadette Mason was the Superintendent at SCI Mahanoy at the time of the events giving rise to this action, with an address of 301 Morea Road, Frackville, PA 17932. She is sued in her individual capacity.

6.    Defendant Robert Marsh is and/or was the Department of Correction Deputy Secretary for the Central Region, with an address of 1920 Technology Parkway, Mechanicsburg, PA 17050, which oversaw SCI Mahanoy, He is sued in his individual capacity.

2

7. Defendant Department of Corrections (DOC) is an agency of the commonwealth of Pennsylvania that operates SCI Mahanoy, other State Correctional Institutes, and receives federal funding.

8. Defendant John Does 1-4 are fictitious names representing Defendants whose true names and/or capacities are presently unknown but who were in some manner engaged in activities alleged herein so as to be responsible for injuries and/or damages sustained by Plaintiff. Plaintiff will seek leave to amend this Complaint to more specifically identify these JOHN DOES once their true identities become known. At all times relevant to this Complaint herein, JOHN DOES were acting as agents of SCI Mahanoy and/or DOC and were acting within the course and scope of their employment. They are sued in their individual capacities.

9. Defendant Jane Does 1-4 are fictitious names representing Defendants whose true names and/or capacities are presently unknown but who were in some manner engaged in activities alleged herein so as to be responsible for injuries and/or damages sustained by Plaintiff. Plaintiff will seek leave to amend this Complaint to more specifically identify these JANE DOES once their true identities become known. At all times relevant to this Complaint, JANE DOES were acting as agents of SCI Mahanoy and/or DOC and were acting within the course and scope of their employment. They are sued in their individual capacities.

10. John Doe 1, upon information and belief, was a Unit Manager of IB block and/or similar capacity at SCI Mahanoy, with an address of 301 Morea Road, Frackville, PA 17932.

11. John Doe 2, upon information and belief, was a parole agent and/or similar capacity at SCI Mahanoy, with an address of 301 Morea Road, Frackville, PA 17932.

3

12.     John Doe 3, upon information and belief, was a records custodian and/or records specialist and/or similar capacity at SCI Mahanoy, with an address of 301 Morea Road, Frackville, PA 17932.

13.     John Doe 4, upon information and belief, was a records custodian and/or records specialist and/or similar capacity at DOC, with an address of 1920 Technology Parkway, Mechanicsburg, PA 17050,

14.     Jane Doe 1, upon information and belief, was a parole agent and/or similar capacity at SCI Mahanoy, with an address of 301 Morea Road, Frackville, PA 17932.

15.     Jane Doe 2, upon information and belief, was a records custodian and/or records specialist and/or similar capacity at SCI Mahanoy, with an address of 301 Morea Road, Frackville, PA 17932.

16.     Jane Doe 3, upon information and belief, was a records custodian and/or records specialist and/or similar capacity at DOC, with an address of 1920 Technology Parkway, Mechanicsburg, PA 17050.

17.     Defendants had a legal obligation to act in conformity with the United States Constitution as well as applicable federal and state laws.

18.     It is believed and therefore averred that Plaintiff followed grievance procedures.

19.     At all relevant times, Defendants were acting under color of law.

20.     At all times, all Defendants were acting in concert and conspiracy and are jointly and severally liable for the harms sustained by Plaintiff.

## VI.    FACTUAL BACKGROUND

4

21.    On or about September 5, 2020, Plaintiff was charged with Simple Assault and Theft by Unlawful Taking, at Allegheny Criminal Docket Number CP-02-CR-8971-2020, in Allegheny County, Pennsylvania.

22.    At CR-8971-2020, as of September 5, 2020, Plaintiff was denied bond and lodged at the Allegheny County Jail pending trial.

23.    Similarly, at that same time on September 5, 2020, Plaintiff was lodged on a state parole detainer at Allegheny Criminal Docket Number CP-02-CR-12474-2017.

24.    On October 5, 2021, Plaintiff, at CR-8971-2020, proceeded to a Non-Jury Trial and was found guilty of both Simple Assault and Theft by Unlawful Taking.

25.    Throughout the time from September 5, 2020 through October 5, 2021, it is believed and therefore averred that Plaintiff was incarcerated with no bail on the new charges as well as a state parole detainer.

26.    On October 5, 2021, at CR-8971-2020, Plaintiff was sentenced to a period of twelve (12) months of probation, along with other standard conditions.

27.    As of October 5, 2021, Plaintiff had roughly 396 days of time credit.

28.    However, due to a clerical error, the Clerk of Courts handed the 396 days of time credit to CR-8971-2020.

29.    The 396 days of time credit was intended to go against Plaintiff's state parole detainer at CR-12474-2017.

30.    As a result of the state conviction at CR-8971-2020, Plaintiff was a convicted parole violator and sentenced to a state back time sentence through the DOC.

31.    On or about October 19, 2021, Plaintiff moved from the Allegheny County Jail to SCI Smithfield. Plaintiff was at SCI Smithfield for roughly 40 days.

5

32.    In December 2021, Plaintiff was moved from SCI Smithfield to SCI Mahanoy.

33.    Plaintiff, through counsel, took an appeal to the Pennsylvania Superior Court at CR-8971-2020. In short, the appeal contended that Plaintiff's 396 days of time credit was not credited at CR-8971-2020, but instead credited to the state back time sentence.

34.    The sentence at CR-8971-2020 included only probation, and no time credit was required.

35.    From roughly December 2021 until August 26, 2024, Plaintiff was incarcerated by the DOC at SCI Mahanoy.

36.    At various times throughout October 2021 and into August 2024, Plaintiff wrote Defendants about the miscalculation of the time credit, namely the 396 days that should have been applied to the state back time sentence.

37.    Eventually, the Superior Court, on or about April 18, 2024, agreed with Plaintiff that the Court of Common Pleas and/or Clerk of Courts committed a clerical error.

38.    As a result, the Allegheny County Court of Common Pleas issued a correction of Plaintiff's sentence at CR-8971-2020. The correction, as initially ordered by the sentencing court, ordered Plaintiff to serve 12 months of probation.

39.    The 396 days of time credit were awarded to CR-12474-2017, as Plaintiff repeatedly informed Defendants from roughly December 2021 through August 2024.

40.    Before the correction, per the DOC and SCI Mahanoy, Plaintiff's parole date was August 3, 2025.

41.    However, as a result of the sentencing correction, Plaintiff was supposed to be paroled from SCI Mahanoy on July 14, 2024.

42.     From the time of April 18, 2024 until well past July 14, 2024, Plaintiff notified Defendants of the DOC clerical error and that Defendants were not properly crediting Plaintiff's state back time maximum.

43.     Plaintiff repeatedly informed Defendants that his parole maximum was in July 2024 and that over detaining him was incorrect and/or illegal.

44.     On or about August 26, 2024, Plaintiff was informed from the SCI Unit Manager that Plaintiff should have already been released as of July 14, 2024.

45.     It is believed and therefore averred that the SCI Unit Manager informed Plaintiff that the Unit Manager was awaiting a call from Superintendent Mason and that Plaintiff should have been released.

46.     Plaintiff was wrongfully over detained and/or withheld at SCI Mahanoy from June 14, 2024 until August 26, 2024, or roughly 43 days.

47.     Plaintiff's documentation displayed that Plaintiff should have been released on July 14, 2024, as Plaintiff repeatedly informed Defendants since 2021 and into August 2024.

48.     It is believed and therefore averred that Plaintiff's Public Defender as well as the Allegheny Court of Common Pleas informed Defendants of the sentencing correction.

49.     Later that evening on August 26, 2024, Plaintiff, through an Officer Merinik, was informed that Plaintiff had to get off of DOC and SCI premises immediately.

50.     While executing Plaintiff's release at the release desk and/or records department. Plaintiff's supervision paperwork was amended via a hand-written notation of the overlooked July 14, 2024 release date.

51.     As a result of the collective Defendants' actions and/or inactions, Plaintiff was over detained for roughly 43 days.

7

52.   As a result of the collective Defendants' actions and/or inactions, Plaintiff suffered physical as well as emotional harm. Defendant also lost employment opportunities as well as time with family due to the over detention.

## VII.   LEGAL CLAIMS

### COUNT ONE – FALSE IMPRISONMENT/UNREASONABLE SEIZURE: 42 U.S.C. SECTION 1983, ET SEQ.

*Plaintiff vs. Defendants Bernadette Mason; Robert Marsh; John Does 1-4; Jane Does 1-3*

53.   Plaintiff incorporates by reference as if fully set forth herein the allegations set forth above.

54.   Plaintiff had an established right under the Fourth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution to be free from unreasonable seizure of his person, such as false imprisonment, a right Defendants violated when claiming to act under proper legal authority, they knowingly, willfully, and wantonly kept Plaintiff in custody past a maximum sentence date, although Defendants did not have any lawful right to keep Plaintiff in custody.

55.   Defendants committed the above-stated detention of Plaintiff without any lawful purpose.

56.   The above-stated actions of Defendants constitute violations of 42 U.S.C. Section 1983, et seq.

57.   The above-stated actions of Defendants constitute violations of clearly established constitutional and statutory rights, which a reasonable person would be aware, and constitute outrageous conduct since it consisted of acts done with a bad motive and/or with a reckless indifference to the interests of Plaintiff, in that Defendants intentionally committed said acts of an unreasonable character in disregard of a risk known to Defendants, or so obvious to

Defendants that he/she must be taken to have been aware of it, and so great as to make it highly probable that harm would follow to Plaintiff as a result of his conduct.

58.     Plaintiff's over detention constitutes as "unreasonable seizure" in violation of the 4th and 14th Amendment, causing Plaintiff to sustain damage.

59.     As a result of the above-stated actions of Defendants, Plaintiff has suffered the above-stated injuries and/or damages, as set forth in this Complaint.

## COUNT TWO – FALSE IMPRISONMENT.

*Plaintiff vs. Defendants Bernadette Mason; Robert Marsh; DOC; John Does 1-4; Jane Does 1-3*

60.     Plaintiff incorporates by reference as if fully set forth herein the allegations set forth above.

61.     Defendant DOC was acting, or failed to act, through their agents, servants, workmen, and employees, who were acting in the course and scope of their employment.

62.     Defendants' above-stated over detention of Plaintiff from July 14, 2024 until August 26, 2024 constitutes a false imprisonment by Defendants of Plaintiff.

63.     Defendants knowingly, willfully, and wantonly held Plaintiff beyond his maximum sentence date as Plaintiff was over detained and held in jail.

64.     Plaintiff suffered physical as well as emotional harm. Defendant also lost employment opportunities as well as time with family due to the over detention, as set forth in this Complaint.

65.     Defendants' above-stated conduct was outrageous, meaning that it consisted of acts done with a bad motive and/or with a reckless indifference to the interests of Plaintiff, in that Defendants intentionally committed acts of an unreasonable nature, in disregard of risks known to Defendants, or so obvious to Defendants, that they must be taken to have been aware of them,

and so great as to make it highly probable that harm would follow to Plaintiff as a result of said conduct and said over detention.

66.    Defendants committed a False Imprisonment of Plaintiff is violation of Pennsylvania law and Pennsylvania common law.

## COUNT THREE – 8TH AMENDMENT (CRUEL & UNUSUAL PUNISHMENT): 42 U.S.C. SECTION 1983, ET SEQ.

*Plaintiff vs. Defendants Bernadette Mason; Robert Marsh; John Does 1-4; Jane Does 1-3*

67.    Plaintiffs incorporates by reference as if fully set forth herein the allegations set forth above.

68.    Plaintiff was over detained and complained to Defendants that his release date was upcoming and/or had passed but no genuine investigation was undertaken nonetheless. This failure to genuinely investigate Plaintiff's claims was a result of Defendants' deliberate indifference to Plaintiff's liberty interest in violation of the 8th Amendment of the U.S. Constitution.

69.    Although Plaintiff complained to Defendants, which put Defendants on notice of the risk of possible over detention, Defendants took no known effective steps to investigate Plaintiff's complaints or provide him due process to avoid over detention.

70.    Plaintiff was over detained as a result of recalculating and/or miscalculating an inmate's sentence under the policy as implemented.

71.    When Defendants were alerted by Plaintiff to such over detention and/or mis-calculation, Defendants conducted no genuine or effective investigation into Plaintiff's claim which was reckless and/or deliberately indifferent to protecting Plaintiff's liberty interest and a violation of the 8th Amendment.

10

72.     Such conduct by Defendants was the product of deliberate indifference in violation of the 8th Amendment causing Plaintiff to sustain damages.

## COUNT FOUR – 14TH AMENDMENT (DUE PROCESS): 42 U.S.C. SECTION 1983, ET SEQ.

*Plaintiff vs. Defendants Bernadette Mason; Robert Marsh; John Does 1-4; Jane Does 1-3*

73.     Plaintiff incorporates by reference as if fully set forth herein the allegations set forth above.

74.     Freedom from bodily restraint is at the core of liberty and protected by the due process clause extending to every American citizen, including inmates, from arbitrary government action.

75.     The relationship of Defendants and Plaintiff creates a duty of care by the Defendants to take reasonable steps to protect the welfare of their prisoners and that duty was violated.

76.     The over detention and wrongful incarceration of Plaintiff caused a loss of Plaintiff's protected liberty interests and mandated that Defendants adhere to minimum standards of due process.

77.     By continuing to jail Plaintiff after all legal justification ceased to exist, such as a maximum sentence, Defendants and each of them, deprived Plaintiff of his liberty without due process of law causing him to suffer injury in violation of the 14th Amendment.

## COUNT FIVE – NEGLIGENCE.

*Plaintiff vs. Defendants Bernadette Mason; Robert Marsh; DOC; John Does 1-4; Jane Does 1-3*

78.     Plaintiff incorporates by reference as if fully set forth herein the allegations set forth above.

79.     Defendant DOC was acting, or failed to act, through their agents, servants, workmen, and employees, who were acting in the course and scope of their employment.

80.     Defendants had a duty to implement procedural safeguards that would assure the timely release of prisoners submitted into Defendants' care, custody, and control so as to be sure that the Plaintiff was released from jail in accordance with the sentencing mandate and/or sentencing maximums.

81.     Defendants had a duty to timely release Plaintiff and not over detain Plaintiff.

82.     Defendants, through their own negligent acts and omissions breached this duty of care which caused Plaintiff to suffer injury and/or damages from over detention for which Defendants are liable.

## VIII.   JURY TRIAL

83.     Plaintiff hereby requests a jury on all claims for which he is entitled to such.

## IX.   REQUESTED RELIEF

84.     WHEREFORE, Plaintiff respectfully requests that this court enter judgment granting him:

   a. A declaratory judgment or verdict pursuant to 28 U.S.C. § 2201 that Plaintiff's rights under the U.S. Constitution and under federal law were violated by the Defendants;

   b. Awards of compensatory and punitive damages against the respective Defendants;

   c. Awards of attorney fees; interest; costs; and litigation expenses associated with the prosecution of this action; and

   d. Any other relief that is warranted and/or just and proper.

Respectfully submitted,

12

By:  */s/ Andrew O. Stiffler*
        ———————————————

Andrew O. Stiffler, Esq.
Attorney I.D. 317183

429 4th Avenue
Suite 1700
Pittsburgh, PA 15219
Ph: (412) 804-1583
Fx: (412) 288-8943
andrew@mielnickistiffler.com
Attorney for Plaintiff

Date: 07/13/2026

13